UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                   File No. 1:07-CR-29

v.                                   HON. ROBERT HOLMES BELL

KARL ALAN WHITE, JR.,

       Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Karl Alan White Jr.'s motion to dismiss counsel.[1] (Docket # 113.) On July 20, 2007, a jury convicted Defendant on all seven counts charged against him in the indictment. (Docket # 94, Jury Verdict.) On September 27, 2007, a forfeiture bench trial was held. Defendant moves for new counsel alleging that Defendant's counsel, Scott Graham, was deficient in his performance during the criminal jury trial in July and the forfeiture bench trial in September. Defendant also attached six statements from individuals who dispute the truthfulness of the testimony that certain witnesses gave during the trial in July. Defendant alleges that Mr. Graham has not sufficiently investigated these statements.

---

[1] Defendant's motion is entitled: "Motion to dismiss counsel and for a new trial under Rule 33." As Defendant is represented by counsel any motion for a new trial would need to made through counsel. *See* 28 U.S.C. § 1654; *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987); *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975). Thus, the only matter presently before the Court is Defendant's motion to dismiss counsel.

"The Sixth Amendment provides a criminal defendant with the right 'to have the Assistance of Counsel for his defence.' An essential element of this right is the right to have counsel of one's choice." *United States v. Mooneyham*, 473 F.3d 280, 291 (6th Cir. 2007) (citing *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2561 (2006)). "The right to counsel of choice, unlike the right to counsel, however, is not absolute." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). "'An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel.'" *United States v. Saldivar-Trujillo*, 380 F.3d 274, 277 (6th Cir. 2004) (quoting *Iles*, 906 F.2d at 1130).

Defendant's motion refers to Mr. Graham's performance using key phrases from various Supreme Court decisions on the effective assistance of counsel; however, Defendant does not identify a single specific instance in which Mr. Graham's performance was insufficient or inadequate. The Court finds nothing in the record to suggest that Mr. Graham has not performed in a satisfactory manner.

The Court also notes that at the beginning of the forfeiture bench trial on September 27, 2007, Mr. Graham inquired into some allegations of ineffective assistance of counsel that Defendant had made as part of a 28 U.S.C. § 2255 motion that Defendant had sought to file.[2] Based on the answers Defendant provided to questions posed by the Court

---

[2]On September 25, 2007, the Court rejected Defendant's pleading that Defendant had entitled as a motion under 28 U.S.C. § 2255 and Defendant's pleading was returned to him. (Docket # 105, Order Rejecting Pleading.) The Court rejected the pleading for two reasons: (1) Defendant is represented by counsel and therefore Defendant must file motions through counsel, and (2) Defendant's motion under 28 U.S.C. § 2255 was premature as Defendant is not scheduled to be sentenced until October 26, 2007. (*Id.*)

and by Mr. Graham, the Court found that there was no basis for removing Mr. Graham. Defendant's motion presents no new facts or allegations, beyond those that were known at the September 27 forfeiture trial, with one possible exception. Defendant has provided statements from six individuals who allege that false testimony was given in the course of Defendant's criminal jury trial. (Docket # 113, Att. 1.) The statements may be summarized as alleging that several witnesses gave false testimony in exchange for favorable treatment from the government. Although some of the witnesses at Defendant's criminal jury trial may not have testified truthfully, the credibility and veracity of witnesses was a question for the jury. With respect to Mr. Graham's performance, the Court notes that Mr. Graham cross-examined the witnesses at issue as to any favorable treatment they may have received, or expected to receive, from the government in exchange for their testimony. (Branson Test., Trial Tr. 161:2-164:15; Wogoman Test., Trial Tr. 260:3-261:6; Tillman Test., Trial Tr. 403:4-405:20; Stafford Test., Trial Tr. 501:25-503:5.) Mr. Graham's cross-examination of these witnesses permitted the jury to consider the witnesses' credibility in the context of the agreements that the witnesses had made with the government. Therefore, the six statements attached to Defendant's motion do not suggest any insufficiency or inadequacy in the performance of Mr. Graham.

Upon evaluating Defendant's motion in the context of the documents Mr. Graham has filed in this matter, his performance at the criminal trial in July, his performance at the forfeiture trial in September, and the Court's general familiarity with Mr. Graham's ability

3

as a defense attorney, the Court finds that Defendant has not demonstrated "good cause" to warrant the substitution of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Karl Alan White's motion to dismiss counsel (Docket # 113) is **DENIED**.


Date:    October 18, 2007                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE