UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

File No. 1:07-CR-29

v.

HON. ROBERT HOLMES BELL

KARL ALAN WHITE, JR.,

        Defendant.
_____/

**O P I N I O N**

On September 27, 2007, the Court held a bench trial on the forfeiture count of the first superseding indictment against Defendant Karl Alan White Jr. (Dkt. No. 28, First Superseding Indictment, Count 9.) The first superseding indictment seeks the forfeiture of five vehicles; however, at the bench trial the government only sought the forfeiture of two of the vehicles. The government seeks the forfeiture of the two vehicles based on either: the vehicles having been obtained with the proceeds of Defendant White's criminal conduct, 21 U.S.C. § 853(a)(1), or the vehicles having been used to facilitate Defendant White's criminal conduct, 21 U.S.C. § 853(a)(2). Neither the government nor Defendant White presented any new evidence during the September 27, 2007, bench trial. Instead both parties relied on the evidence that had been presented during Defendant White's criminal trial, which was held on July 17-20, 2007. In the course of Defendant White's criminal trial, the Court heard the live testimony of Terry Anderson, Shannon Bagley, Michael Dawan Barnes,

Ezra Bell, Shaquann Quavus Branson, Mattalis Buchanan, Thomas Burns, Ervin Javonn Fance, Gary Lee Latham, Victor Ledbetter, Ryan Lee Racine, Danyelle Sanders, Leniya Stafford, Larry Tillman, Douglas Paul Van Bruggen, Chad Vanderklok, Kristinea Lynn Vaughn, Harold West, Ted Westra, Karl Alan White Jr., Sharmeka Marie Williams, Bernard Wogoman, Sean Michael Wright, and Roberto Zuniga.  This opinion contains the Court's findings of fact and conclusions of law.

## I.

On July 20, 2007, a jury found Defendant White guilty on seven counts.  (Dkt. No. 94, Jury Verdict.)  Count 9, the forfeiture count of the first superseding indictment, identifies Counts 1, 2, and 5 as the criminal conduct on which the forfeiture is premised.  In Count 1 Defendant White was convicted of conspiring to distribute and to possess with intent to distribute cocaine base between November 21, 2003, and February 23, 2007, 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(ii).  In Count 2 Defendant White was convicted of possessing cocaine base with intent to distribute on November 21, 2003, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  In Count 5 Defendant White was convicted of possessing cocaine base with intent to distribute on December 28, 2004, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii).

The government seeks the forfeiture of the following two vehicles ("the Vehicles"):

One 1982 Cadillac Coupe de Ville, white in color, registered to Anna Marie Bullock, VIN 1G6AD4784C9173535 ("1982 Coupe de Ville"), and

One 1995 Cadillac El Dorado, red in color, registered to Sharmeka Marie Williams, VIN 1G6ET1293SU618569 ("1995 El Dorado").

2

## II.

"If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1).  "The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt." *Id.*  "[T]he government must prove that property is subject to criminal forfeiture under section 853(a) by a preponderance of the evidence." *United States v. Smith*, 966 F.2d 1045, 1052 (6th Cir. 1992).  *Accord United States v. Layne*, 192 F.3d 556, 574-75 (6th Cir. 1999).

## III.

Neither of the Vehicles is registered in Defendant White's name.  However, Defendant White was in the practice of registering his vehicles in the names of third parties. (Branson Test. 147:14-25;   White Test. 596:14-17;   Tillman Test. 333:21-336:9.)[1] Defendant White admitted ownership of the 1995 El Dorado and partial ownership of the 1982 Coupe de Ville.  (White Test. 596:9-17, 598:18-20.)  Several witnesses familiar with Defendant White testified that they had seen him with the 1982 Coupe de Ville and the 1995 El Dorado.  (Branson Test. 121:24-25, 122:7-127:4; Tillman Test. 333:8-20; Vaughn Test. 420:13-18;   Fance Test. 438:23-439:4;   Williams Test. 668:5-14.)   Defendant White

---

[1] Throughout this opinion all of the citations to testimony are to the transcript of Defendant White's criminal trial, Vols. I-III (Dkt. Nos. 100-02).

3

appeared in an article in the *Kalamazoo Gazette* on custom cars in which he was identified as the owner of a 1982 Cadillac Coupe de Ville, white in color, and a 1995 Cadillac El Dorado, red in color. (Trial Ex. 7, Michelle Miron, *Riding in Style,* Kalamazoo Gazette, Oct. 20, 2005, at A1.) The article in the *Kalamazoo Gazette* features photographs of Defendant White with both the 1982 Coupe de Ville and the 1995 El Dorado. (*Id.* at A1, A2; White Test. 555:12-25.) Defendant White is the owner of the 1982 Coupe de Ville and the 1995 El Dorado.

### A.     Forfeiture Under 21 U.S.C. § 853(a)(1)

In order for the Vehicles to be forfeited under 21 U.S.C. § 853(a)(1) the Court must find that the Vehicles are "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" the conduct Defendant White was convicted of in Counts 1, 2, or 5. 21 U.S.C. § 853(a)(1).

Both the 1982 Coupe de Ville and the 1995 El Dorado have been modified. The 1982 Coupe de Ville has: 24-inch spinner rims, a custom maroon-and-white paint job, surround-sound stereo speakers, and four television monitors. (Trial Ex. 7, at A1.) The 1995 Cadillac El Dorado has: 20-inch rims, Lamborghini-style doors, and three television monitors. (*Id.*) Defendant White paid $2,000.00 for the 1982 Coupe de Ville and has spent at least $15,000.00 on modifications to it. (*Id.* at A2.)

Defendant White contends that he is an aspiring rapper. (Tr. Ex. 7, at A1; White Test. 552:22-23.) Defendant White testified that he does not have a recording contract. (White Test. 552:22-23, 554:8-10.) Defendant White further testified that he has not sold

4

any beats, tracks, or lyrics. (*Id.* at 554:7-10.) Several of Defendant White's co-conspirators testified that they had never known Defendant White to have recorded a rap album, rapped in public, or produced someone else's rap album. (Branson Test. 149:24-25, 150:18-151:2; Fance Test. 445:17-24; Wogoman Test. 259:3-23.) Additionally, a witness familiar with the rap and hip-hop music scene in Kalamazoo testified that she had never known Defendant White to have recorded a rap album, rapped in public, or produced someone else's rap album. (Vaughn Test. 421:16-25.) Defendant White called Michael Dawan Barnes, who owns Benji Boy Records LLC in Kalamazoo, Michigan. (Barnes Test. 673:20-674:11.) Benji Boy Records works with hip-hop, rap, and R&B artists. (*Id.* at 674:12-675:7.) Benji Boy Records has not signed Defendant White. (*Id.* at 677:18-21, 678:14-24.) Moreover, neither Benji Boy Records nor Mr. Barnes have ever paid Defendant White for any music. (*Id.* at 678:25-679:2.) Defendant White also called Mattalis Buchanan, who has been signed by Benji Boy Records. (Mattalis Test. 680:3-18.) Mr. Buchanan saw Defendant White in the Benji Boy studio on many occasions, but is not aware of anyone using any of Defendant White's beats or tracks. (*Id.* at 681:10-22.) Mr. Buchanan never paid Defendant White for any work. (*Id.* 681:23-24.)

Defendant White testified that he worked for Fuller Communications and did other odd jobs. (White Test. 551:24-552:22, 553:8-13, 600:20-24.) Defendant White did not file tax returns for the years 2003, 2004, 2005, or 2006. (Trial Tr. 535:7-21; Trial Ex. 24, I.R.S. Certification of Lack of Record.) Defendant White did not provide any pay stubs or documentation to support his having been employed by Fuller Communications. (White

5

Test. 592:4-12.) Defendant White's testimony about having been legitimately employed was contradicted by several witnesses who testified that they had never known Defendant White to have a legitimate job. (Branson Test. 148:24-149:23; Stafford Test. 488:9-11; Vaughn Test. 421:10-15; White Test. 590:8-10; Wogoman Test. 258: 16-22.)

The jury's conviction on Counts 1, 2, and 5, established that Defendant White was distributing cocaine and cocaine base. (Jury Verdict, Counts 1, 2, 5.) Defendant had large quantities of cash as a result of distributing cocaine and cocaine base. (Branson Test. 127:5-12; Fance Test. 444:21-445:5; Stafford Test. 487:10-488:8; Tillman Test. 330:11-333:7.) Defendant White used this cash to live a "party" lifestyle that included buying expensive cars. (Branson Test. 120:18-121:25; Tillman Test. 330:23-331:16; Vaughn Test. 416:11-417:4.) Defendant White had minimal, if any, legitimate income. Defendant White did testify that he received college financial aid of between $2,500.00 and $4,500.00 per semester. (White Test. 590:15-591:25.) Even with college financial aid of between $2,500.00 and $4,500.00 per semester, Defendant White did not have sufficient legitimate income to purchase and modify the 1982 Coupe de Ville and the 1995 El Dorado. Thus, the only source of income that Defendant White could have used to purchase and modify the 1982 Coupe de Ville and the 1995 El Dorado was the proceeds from distributing cocaine and cocaine base.

    **B.**    **Forfeiture Under 21 U.S.C. § 853(a)(2)**

In order for the Vehicles to be forfeited under 21 U.S.C. § 853(a)(2) the Court must find that the Vehicles were "used, or intended to be used, in any manner or part, to commit,

or to facilitate the commission of" the conduct Defendant White was convicted of in Counts 1, 2, or 5.  21 U.S.C. § 853(a)(2).  A sufficient nexus is established between an automobile and illegal activity to justify forfeiture when a court finds that the automobile was used as transportation to and from drug transactions for which the defendant has been convicted. *United States v. Lewis*, 987 F.2d 1349, 1356-57 (8th Cir. 1993).

Defendant White drove the 1995 El Dorado to the Hilltop Apartments in Kalamazoo to sell Shaquann Branson nine ounces of cocaine base.  (Wogoman Test. 244:5-247:12.)  Starting in December of 2004 and continuing until the fall of 2006, Ervin Javonn Fance was buying one kilo of cocaine or cocaine base from Defendant White about once a week.  (Fance Test. 435:22-438:11, 443:10-444:11.)  Defendant White would meet Mr. Fance at one of two different apartment complexes for these weekly sales of cocaine or cocaine base.  (*Id.* at 438:12-22.)  Mr. Fance saw Defendant White arrive for these transactions in both the 1982 Coupe de Ville and the 1995 El Dorado.  (*Id.* at 438:23-439:4.)

Defendant White used the 1982 Coupe de Ville and the 1995 El Dorado to drive to transactions in which he sold cocaine or cocaine base.  Therefore, Defendant White used the 1982 Coupe de Ville and the 1995 El Dorado to facilitate the conduct he was convicted of in Count 1.

In Count 2 Defendant White was convicted of possessing cocaine base with intent to distribute on November 21, 2003.  During the transaction on November 21, 2003, Defendant White drove a Cadillac Escalade, not the 1982 Coupe de Ville or the 1995 El Dorado.  (Branson Test. 152:14-24.)  Therefore, neither the 1982 Coupe de Ville nor the 1995 El

7

Dorado was used to facilitate the conduct Defendant White was convicted of in Count 2.

In Count 5 Defendant White was convicted of possessing cocaine base with intent to distribute on December 28, 2004. During the transaction on December 28, 2004, Defendant White was a passenger in a Buick LeSabre, not the 1982 Coupe de Ville or the 1995 El Dorado. (Vanderklok Test. 196:24-197:6, 199:19-201:12, 223:22-224:1.) Therefore, neither the 1982 Coupe de Ville nor the 1995 El Dorado was used to facilitate the conduct Defendant White was convicted of in Count 5.

## IV.

For the reasons explained in this opinion, by a preponderance of the evidence the Court finds the following facts:

1. One 1982 Cadillac Coupe de Ville, white in color, registered to Anna Marie Bullock, VIN 1G6AD4784C9173535, was purchased with proceeds Defendant White obtained as the result of the conduct Defendant White was convicted of in Counts 1, 2, and 5.

2. One 1995 Cadillac El Dorado, red in color, registered to Sharmeka Marie Williams, VIN 1G6ET1293SU618569, was purchased with proceeds Defendant White obtained as the result of the conduct Defendant White was convicted of in Counts 1, 2, and 5.

3. One 1982 Cadillac Coupe de Ville, white in color, registered to Anna Marie Bullock, VIN 1G6AD4784C9173535, was used to facilitate the commission of the conduct Defendant White was convicted of in Count 1.

4. One 1995 Cadillac El Dorado, red in color, registered to Sharmeka Marie Williams, VIN 1G6ET1293SU618569, was used to facilitate the commission of the conduct Defendant White was convicted of in Count 1.

## V.

The Court has found that the Vehicles were purchased with proceeds from the conduct Defendant White was convicted of in Counts 1, 2, and 5. *See supra* Parts III.A & IV. The Court has also found that the Vehicles were used to facilitate the conduct Defendant White was convicted of in Count 1. *See supra* Parts III.B & IV. Therefore, the Court makes the following conclusions of law:

1. One 1982 Cadillac Coupe de Ville, white in color, registered to Anna Marie Bullock, VIN 1G6AD4784C9173535, is subject to forfeiture under both 21 U.S.C. § 853(a)(1) and 21 U.S.C. § 853(a)(2).

2. One 1995 Cadillac El Dorado, red in color, registered to Sharmeka Marie Williams, VIN 1G6ET1293SU618569, is subject to forfeiture under both 21 U.S.C. § 853(a)(1) and 21 U.S.C. §853(a)(2).

Based on these conclusions of law, in accordance with Federal Rule of Criminal Procedure 32.2(b)(2), the Court will enter a preliminary order of forfeiture directing the forfeiture of the Vehicles without regard to any third party's interest in all or part of them. A determination of the interests of any third parties in the Vehicles shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Date:   November 1, 2007              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE