UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

               File No. 1:07-CR-29

               HON. ROBERT HOLMES BELL

KARL WHITE, JR.,

   Defendant.
               /

## MEMORANDUM OPINION AND ORDER

   This matter comes before the Court on Defendant Karl White, Jr.'s motion for recusal. For the reasons set forth below, this motion will be denied.

   Under 28 U.S.C. § 144, a district judge must recuse himself when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A party bringing a request for recusal under § 144 must accompany the affidavit with a certificate of counsel of record stating that the affidavit was made in good faith. *Id.*; *see also Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352-53 (6th Cir. 2007). Defendant did not submit the required certificate of counsel along with his affidavit. His recusal request is therefore insufficient under § 144.

   A party may also seek recusal under 28 U.S.C. § 455. Section 455 requires a district court judge to recuse himself if he has a "personal bias or prejudice concerning a party." 28

U.S.C. § 455(b)(1). The standard for recusal is an objective one, asking "whether a reasonable person, knowing all the surrounding circumstances, would consider the judge to be impartial." *United States v. Hurst*, 951 F.2d 1490, 1503 (6th Cir. 1991).

Defendant asserts several grounds in support of his recusal request. First, Defendant points to various decisions rendered by this Court throughout the course of the trial, including this Court's decisions to disqualify defense attorney Donald Sappanos pursuant to the prosecution's motion, detain witness Leniya Stafford to insure her attendance at trial, revoke Defendant's bond, deny Defendant's motion for acquittal, reject Defendant's motion to appear pro se, assess the quantity of drugs involved at 300 kilograms instead of 150, overrule defense counsel's objections, and impose the maximum sentence.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Court must be permitted to make legal and factual determinations throughout the course of the proceedings. To the extent the defendant disagrees with these determinations, his proper remedy is appeal, not recusal. *Id* ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."). Though a pattern of unfavorable decisions may suggest bias if they display a "deep-seated favoritism or antagonism that would make fair judgments impossible," *id.*, nothing about the Court's decisions suggests that they were the product of a high degree of antagonism toward Defendant rather than the Court's good faith assessment of the law and facts.

Second, Defendant relies on several allegedly insulting remarks directed toward Defendant by this Court to support his recusal request, such as this Court's assertions that it is not interested in how Defendant feels, Defendant should "keep his mouth shut," Defendant is not versed in the rules of evidence and constitutional law, Defendant was placing abuse on his lawyer, Defendant acted disruptively and obstructively in filing a complaint against the lead prosecutor with the Attorney Grievance Commission, and that Defendant is unrepentant, manipulative, and completely lacking in respect for the law.

"[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. "*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id*. at 555-56 (emphasis in original). "A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune." *Id*. Although events occurring in the course of the proceedings may provide the basis for a bias motion if they "display a deep-seated favoritism or antagonism that would make fair judgment impossible," *id*. at 555, a judge is not recusable for bias merely because he is "exceedingly ill to a defendant who has been shown at trial to be a thoroughly reprehensible person." *United States v. Roberts*, 64 F. App'x 473, 476 (6th Cir. 2003).

At most, the remarks of this Court directed toward the Defendant throughout the course of these proceedings reflected the Court's impatience and dissatisfaction with him. They fell far short of displaying a deep-seated antagonism that would make fair judgment impossible. *See Lewis v. Robinson*, 67 F. App'x 914, 923-24 (6th Cir. 2003) (holding that a district judge's characterizations of the defendant as a "three or four time loser," a "dummy," a "spoiled brat," and a "sociopath," reflected exasperation and annoyance, but they did not make fair judgment impossible).

Third, Defendant argues that this Court is somehow biased against him because this Court referred to the prosecutor as "your brother counsel" when addressing Defendant's attorney. As the context of the exchange indicates, the Court used the term "brother" merely to draw a connection between two men, the prosecutor and defense attorney, both engaged in the legal profession.[1] This statement did not relate to Defendant, let alone reflect a bias against him.

Finally, Defendant relies on statements made by this Court that were critical of a polygraph examiner and his test to support his request for recusal. The Court's decision to

---

[1] In relevant part, the trial transcript states:
[Prosecuting attorney]: And there is no such report [showing a fingerprint match], Your Honor.
. . .
The Court: [Addressing defense counsel] Yeah. The question is this witness only knows what this witness did. So this is — your brother counsel there has indicated there is [no report showing a fingerprint match]. That's more accurate here than this. This pertains to what he's done. That's all he can testify to, okay?

(Dkt. No. 102, 09/19/2007 Trial Tr. III 524.)

4

revoke Defendant's bond was based in part on the Court's concern that Defendant had improperly influenced witness Leniya Stafford into changing her testimony at trial. (Dkt. No. 100, 09/19/2007 Trial Tr. I 1-54.) As evidence of undue influence, the Court used the witness's testimony that Defendant had subjected her to a polygraph test, and that the polygraph examiner had asked her if she had been "snitching to the police" about Defendant. (*Id.* at 25.) The Court's comments reflecting its unfavorable opinion of the polygraph examiner and his test, all of which were made outside the presence of the jury, were related to its assessment of the likelihood of undue influence, an assessment that was made objectively in light of all the evidence and necessary to the Court's decision to revoke Defendant's bond. The comments did not reflect a bias against Defendant.

No reasonable person would conclude, based on the allegations set forth in the Defendant's recusal motion, that this Court has a personal bias or prejudice against Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for recusal (Dkt. No. 178.) is **DENIED**.

Dated: September 10, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE